UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| *In re* ESTELLA J CHATTLEY,<br><br>Debtor / Appellant. | §<br>§  CIVIL ACTION NO. L-07-52<br>§<br>§<br>§<br>§ |

### ORDER

Pending before this Court is Appellant, Estella J. Chattley's, petition for judicial review of a final order from the Bankruptcy Court granting summary judgment in favor of George W. Stone.[1] [Dkt. No. 1]. Appellant's petition is hereby DISMISSED for failure to comply with the Bankruptcy Rules and for disregarding the Court's order to do so.

**I.     BACKGROUND**

On April 26, 2007, pursuant to 28 U.S.C.A. § 158(a), Appellant filed a notice of appeal from a final order granting summary judgment in favor of Stone. After filing the notice of appeal, Appellant failed to comply with certain necessary procedures. Specifically, Appellant failed to timely designate a record and issues as required by Federal Rule of Bankruptcy Procedure 8006. Despite Appellant's failure to comply with Rule 8006, the appeal was nonetheless docketed on June 26, 2007. On August 16, 2007, the Court ordered Appellant to comply with the Bankruptcy Rules within five (5) days of that order. [Dkt. No. 4]. Edward P. Fahey, Jr., Appellant's attorney, subsequently filed a document entitled "Appellant's Designation of Matters in Record" on August 23, 2007. [Dkt. No. 5]. The Court finds that this designation does not comply with the Bankruptcy Rules or with the Court's order. Consequently, the Court orders Appellant's petition to be DISMISSED pursuant to Fed. R. Civ. P. 41(b).

---

[1] The Clerk of the Court docketed the case under Federal Rule of Bankruptcy Procedure 8007(b) on June 26, 2007. [Dkt. No. 3].

**II.     DISCUSSION**

This Court is unable to proceed with judicial review of Appellant's case and must consequently order dismissal because of (1) deficiencies in the designation; and (2) Appellant's failure to follow court orders. Pursuant to Rule 8006 of the Bankruptcy Code, "within 10 days after filing the notice of appeal . . . the Appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." If an Appellant fails to prosecute an appeal as required by Rule 8006, he or she is subject to "such action as the district or bankruptcy court deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001. Appellant's Notice of Appeal was filed on April 26, 2007. Thus, the designation was due no later than May 10, 2002. Over three months have elapsed with no action by Appellant.

After the Court ordered Appellant to comply with the Bankruptcy Rules, [Dkt. No 4], Mr. Fahey timely submitted his client's purported designation of appeal, [Dkt. No. 5]. However, both the designation of matters in the record and the statement of the issues as presented in that document are overbroad, incomplete, and wholly inadequate. For example, instead of identifying each item for the record on appeal by name and date, Mr. Fahey simply submits that "appellant designates the documents contained in *all* docket entries in this cause." [*Id.* (emphasis added)]. Additionally, Mr. Fahey broadly presents the issue on appeal as "whether summary judgment was properly granted in favor of appellee in the trial court." [*See id.*]. Further, albeit less important, Mr. Fahey failed to comply with Rule 8008. However, of equal importance to the failure to properly designate the record is Mr. Fahey's failure to file a brief as required by Rule 8009. The appeal was docketed on June 26, 2007, thus the brief was due on July 11, 2007. Of

course, filing a brief might have been difficult because no record had yet been designated. Over two months have now elapsed since the designation, yet no brief has been filed.[2]

The District Court has the authority to dismiss a case for lack of prosecution pursuant to its inherent authority, in order to prevent "undue delays in the disposition of pending cases, docket congestion, and, the possibility of harassment of a defendant." *Medeiros v. United States*, 621 F.2d 468, 470 (1st Cir. 1980). Courts have frequently dismissed bankruptcy appeals because of an Appellant's failure to comply with the rules and the duty of diligent prosecution. Appellate courts have affirmed such dismissals. *See Int'l Bhd. of Teamsters v. Braniff Airways, Inc.,* 774 F.2d 1303 (5th Cir. 1985); *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992) (affirming dismissal of a bankruptcy appeal because the appellant filed its designation of the record on appeal fifteen days late); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (affirming dismissal of appeal from bankruptcy court judgment because, without explanation, the plaintiffs failed to designate the record on appeal, file a statement of the issues, or file an appellate brief). Furthermore, a court may order dismissal "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Given Mr. Fahey's failure to comply with the bankruptcy rules, this Court's order, and the failure to diligently prosecute, Appellant's case is DISMISSED.

---

[2] This is not the first time that Mr. Fahey has failed to follow court rules. The Bankruptcy Court's records indicate that Mr. Fahey's initial bankruptcy filings have been dismissed at least eighteen times for failure to meet deadlines. Additionally, the Court's own records indicate that this Court has previously dismissed an appeal filed by Mr. Fahey for failure to file Appellant's notice of appeal in a timely manner. *See Laurel v. Sanchez*, No. 5-193 (S.D. Tex. July 19, 2006).

### III. CONCLUSION

For the aforementioned mentioned reasons, Appellant's petition is DISMISSED with prejudice.

It is so ORDERED.

SIGNED this 1st day of November, 2007.

_____
Micaela Alvarez
United States District Judge

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**